IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:23-CR-00024 |
| | : | |
| v. | : | |
| | : | |
| MELAD ABDMARIAM FAHMY | : | |
| | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Defendant, Melad Fahmy ("Fahmy"), has moved the court to dismiss the indictment currently pending against him. (Doc. 67.) Fahmy insists that the "undisputed evidence" in this matter cannot establish the offense charged beyond a reasonable doubt. (Doc. 68, p. 7.)[1] In advancing such argument, Fahmy asks the court to determine whether there is sufficient evidence against him to sustain a conviction as a matter of law. Yet, making such a determination would be inappropriate at this stage of the case. Therefore, the court will deny Fahmy's motion.

### BACKGROUND

On February 1, 2023, a federal grand jury returned an indictment against Fahmy charging him with one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). (Doc. 1.) Specifically, the indictment alleges:

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

On or about February 10, 2022, in the Middle District of Pennsylvania, the defendant,

MELAD ABDMARIAM FAHMY

using a facility and means of interstate and foreign commerce, unlawfully and knowingly did attempt to persuade, induce, entice, and coerce a person he believed had not attained the age of 18 years to engage in prostitution and any sexual activity for which he could be charged with a crime, namely Statutory Sexual Assault 18 Pa. Cons. Stat. § 3122.1(b) and Indecent Assault 18 Pa. Cons. Stat. § 3126(a)(8)[,] [i]n violation of Title 18 United States Code, Section 2422(b).

*Id.* at 1–2.

On February 15, 2023, Fahmy pleaded not guilty.  (Doc. 13.)  The case is scheduled to begin trial on February 10, 2025.  (Doc. 63, p. 1.)  Fahmy timely filed this motion to dismiss and a brief in support.  (Docs. 67 & 68.)  In turn, the government responded with a brief in opposition.  (Doc. 76.)  Fahmy did not file a reply brief.  Thus, his motion is ripe for review.

### STANDARD OF REVIEW

The court interprets Fahmy's motion to be requesting dismissal of the indictment for failure to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B).[2]  Under Federal Rule of Criminal Procedure 12(b)(3)(B), a

---

[2] Fahmy's motion states that it seeks dismissal pursuant to Federal Rule of Criminal Procedure 12(b)(2).  (Doc. 67, p. 1.)  That rule permits "motion[s] that the court lacks jurisdiction."  Fed. R. Crim. P. 12(b)(2).  Yet, Fahmy presents no jurisdictional arguments in his briefing.  Instead, Fahmy's arguments concern the indictment's failure to state an offense.  Therefore, the court interprets Fahmy's motion to be seeking relief pursuant to Rule 12(b)(3)(B).

defendant may move to dismiss an indictment for duplicity, multiplicity, lack of specificity, improper joinder, or failure to state an offense.  Fed. R. Crim. P. 12(b)(3)(B).  To state an offense, an indictment must provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  The indictment also must provide "the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  *Id.*

An indictment is sufficient to survive a motion to dismiss for failure to state an offense if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."  *United States v. Fattah*, 858 F.3d 801, 814 (3d Cir. 2017) (quoting *United States v. Stevenson*, 832 F.3d 412, 423 (3d Cir. 2016)).  "'No greater specificity than the statutory language is required so long as there is sufficient factual orientation' to permit a defendant to prepare his defense and invoke double jeopardy."  *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)), *abrogated on other grounds as recognized in United States v. Hill*, 98 F.4th 473 (3d Cir. 2024).  Thus, an indictment is generally sufficient where it "informs the defendant of the statute he is charged with violating, lists the elements of a

violation under the statute, and specifies the time period during which the violations occurred." *Id.* (quoting *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)). "In contrast, if an indictment fails to charge an essential element of the crime, it fails to state an offense." *Id.* (citing *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir. 1979)).

In reviewing a motion to dismiss, a district court must consider only the facts alleged in the indictment. *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007). A pretrial motion to dismiss is "not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. Gilette*, 738 F.3d 63, 74 (3d Cir. 2013) (quoting *Huet*, 665 F.3d at 595). The court's review is therefore limited to determining whether, assuming the facts alleged in the indictment are true, "a jury could find that the defendant committed the offense for which he was charged." *Huet*, 665 F.3d at 596. A district court should generally uphold an indictment "unless it is so defective that it does not, by any reasonable construction, charge an offense." *United States v. Willis*, 844 F.3d 155, 162 (3d Cir. 2016) (quoting *Vitillo*, 490 F.3d at 324).

## DISCUSSION

### A. Fahmy's Sufficiency-of-the-Evidence Arguments are Premature.

Fahmy's arguments entirely concern whether the evidence against him is sufficient to prove the offense charged in the indictment. Specifically, he argues

4

that no evidence establishes that he intended to persuade, induce, entice, or coerce a minor to engage in sexual activity. (*Id.* at 11–12.). In making this argument, Fahmy asks the court to consider facts beyond those in the indictment.

In support of his position, Fahmy cites several out-of-circuit cases that purportedly affirm the proposition that a court may dismiss an indictment "when the undisputed evidence cannot, as a matter of law, prove the charged offense[] beyond a reasonable doubt." (Doc. 68, p. 7.) Fahmy reads too much into those non-binding cases. They generally state that courts should not consider facts outside the indictment unless the government does not object to doing so. *See United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("[T]his circuit has upheld a pretrial dismissal under Rule 12(b) based on the insufficiency of the evidence where the underlying facts were essentially undisputed and the government failed to object to the district court's resort to evidence beyond the four corners of the indictment."); *United State v. Levin*, 973 F.2d 463, 466 (6th Cir. 1992) (endorsing consideration of "undisputed extrinsic evidence" after it was proffered during a pretrial hearing on a motion to dismiss); *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) (explaining that consideration of facts beyond the indictment's four corners was permissible since "the parties *both* presented evidence and raised no objections to the judge's consideration of the facts"); *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (noting that the

"government did not challenge the district court's authority to consider the undisputed facts disclosed by the government until after the district court granted [defendant's] motion to dismiss").

The Third Circuit has adopted a similar position in holding that courts may consider extrinsic evidence to resolve a motion to dismiss if "there is a stipulated record." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000). It is clear here that there is no stipulated record and that the government objects to any consideration of facts beyond those in the indictment. (Doc. 76, p. 11.) While Fahmy's arguments regarding the sufficiency of the government's evidence may be properly considered at a later stage of this case, they are premature in the current procedural posture.

**B. The Indictment Sufficiently States an Offense.**

Fahmy presents no arguments concerning the sufficiency of the indictment itself. In any event, the court is satisfied that there is no basis to dismiss the indictment for failing to state an offense. As noted above, Fahmy is charged with violating 18 U.S.C. § 2422(b). That statute states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

To convict Fahmy for a violation of 18 U.S.C. § 2422(b), the government must prove that: (1) Fahmy used a facility or means of interstate or foreign commerce to attempt to knowingly persuade, induce, entice, or coerce an individual who has not attained the age of 18 to engage in prostitution or any sexual activity; [3] (2) Fahmy believed the individual was under the age of 18; and (3) Fahmy could have been charged with a separate criminal offense if the sexual activity had occurred. [4]  *See United States v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011); *United States v. DeWald*, No. 4:17-CR-00025, 2019 WL 5310297, at *2 (M.D. Pa. Oct. 21, 2019); *United States v. Lewis*, No. 4:17-CR-0242, 2018 WL 3008008, at *3 (M.D. Pa. June 15, 2018) (quoting Manual of Model Criminal Jury Instructions for the Dist. Courts of the Eighth Circuit §6.18.2422B (2014)).

Here, the indictment contains sufficient allegations to survive Fahmy's motion to dismiss.  The indictment identifies the statute Fahmy allegedly violated,

---

[3] "[A] conviction under the attempt provision of § 2422(b) does not require the involvement of an actual minor." *United States v. Tykarsky*, 446 F.3d 458, 469 (3d Cir. 2006).

[4] The court recognizes that the parties have filed proposed jury instructions that articulate the elements of this crime differently than is stated above. *Compare* Doc. 79, pp. 19–20, *with* Doc. 85, pp. 13–14.  The court states this articulation of the elements solely for the purpose of resolving Fahmy's motion to dismiss.  By articulating the elements of the offense here, the court does not intend to preclude further argument from the parties or consideration by the court as to how the elements ultimately should be explained to the jury in the final instructions.

*i.e.*, 18 U.S.C. § 2422(b). (Doc. 1.) It apprises Fahmy of the elements of a § 2422(b) offense—as well as identifies the specific crimes relevant for the third element—by closely tracking the language of the statute. (*Id.*) It states approximately when Fahmy allegedly committed the charged crime. (*Id.*) This information is all the indictment needs to survive Fahmy's challenge. *See Huet*, 665 F.3d at 595; *United States v. Manganas*, No. 1:16-CR-0209, 2017 WL 2547310, at *4 (M.D. Pa. June 13, 2017) (finding indictment sufficient when it identified charging statute, elements of the offense by tracking statutory language, and specifying time period of alleged offense).

## CONCLUSION

For the reasons explained above, the court will deny Fahmy's motion to dismiss. An appropriate order will issue.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: January 30, 2025